UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WAYNE WHEELOCK, JR.,

    Petitioner,

v.                                  Case No. 13-C-0588

UNITED STATES OF AMERICA,

    Respondent.

**ORDER SUMMARILY DENYING PETITION
FOR WRIT OF ERROR CORAM NOBIS**

Wayne Wheelock, Jr., who is apparently serving a federal sentence at the Federal Correctional Institution in Petersburg, Virginia, filed a petition for a writ of error coram nobis challenging his 1996 conviction in this court (Case No. 96-CR-97) for sexual abuse in violation of 18 U.S.C. § 2242(2)(B) and § 1153. Wheelock has already completed the 112-month sentence he received from this court for the offense and is no longer on supervised release. He nevertheless seeks to vacate his conviction on the grounds that his guilty plea was coerced and he is actually innocent of the crime. For the reasons that follow, his petition is summarily denied.

The "extraordinary remedy" afforded by the ancient common law writ of error coram nobis is discretionary, *Howard v. United States*, 962 F.2d 651, 653 (7th Cir. 1992), and is used only to correct errors "of the most fundamental character," *United States v. Bush*, 888 F.2d 1145, 1147 (7th Cir. 1989) (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)). The Supreme Court noted that it is "'difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate.'" *Carlisle v. United States*, 517 U.S. 416, 429 (1996)

(quoting *United States v. Smith*, 331 U.S. 469, 475 n.4 (1947)). The writ is traditionally only used to correct errors of fact not appearing on the record, an error of which the court would not have committed had the matter been brought to the attention of the court. *See United States v. Keane*, 852 F.2d 199, 203 (7th Cir. 1988) ("[T]he writ was used to raise claims that were not apparent from the face of the record and understandably not raised at trial (e.g., that the un-counseled defendant was insane at the time of the plea or that the defendant had entered the guilty plea out of fear of mob violence).... [T]he writ is still generally limited to claims that rest on facts dehors the record." (quoting Yale Kamisar, Wayne R. LaFave & Jerold H. Israel, *Modern Criminal Procedure* 1468 (6th ed. 1986))).

In order to obtain relief in the form of a writ of coram nobis, a petitioner must show that (1) the claim could not have been raised on direct appeal; (2) the conviction produces lingering civil disabilities, and (3) the alleged error is the type of defect that would have justified relief pursuant to 28 U.S.C. § 2255. *United States v. Doe*, 867 F.2d 986, (7th Cir. 1989). In addition, there must have been sound reasons for the defendant's failure to seek earlier relief. In cases of inordinate delay in seeking relief, the doctrine of laches may also serve to bar issuance of the writ. *See, e.g., United States v. Correa-De Jesus*, 708 F.2d 1283 (7th Cir. 1983); *United States v. Darnell*, 716 F.2d 479 (7th Cir. 1983).

Where the record shows on its face that the conviction was valid, a writ of coram nobis cannot issue and the petition may be summarily dismissed by the district court without a hearing. *Cf. Morgan*, 346 U.S. at 512 ("Where it cannot be deduced from the record whether counsel was properly waived, we think, no other remedy being then available and sound reasons existing for failure to seek appropriate relief, this motion in the nature of the extraordinary writ of coram nobis must be heard by the federal trial court.").

The court assumes that Wheelock is under a continuing civil disability given the nature of his federal conviction. Wheelock was an adult at the time of the assault involving a minor victim and thus, he is subject to the reporting requirements for sexual offenders under the Sex Offender Registration and Notification Act. Despite this fact, it is apparent from the record that Wheelock is not entitled to the relief he seeks.

Wheelock's conviction arose out of the April 1993 gang rape of a thirteen-year-old girl on the Menominee Indian Reservation. According to a transcript of the plea hearing, Wheelock and several other individuals had provided alcohol to the girl and, after she became intoxicated and unconscious, sexually assaulted her. Several witnesses heard her screaming before she lost consciousness. The government claimed that Wheelock's DNA was found in a condom discarded at the scene, and co-actors and others present at the time indicated that Wheelock had intercourse with the victim. (Plea Hr'g Tr. 6-7.) Wheelock acknowledged that the summary of the evidence provided by the Assistant U.S. Attorney was accurate (id. at 8:4-6), and after a thorough colloquy with the court, entered his plea of guilty. Two related charges, including a charge of aggravated sexual abuse of a child, were dismissed.

In his petition, Wheelock now claims he is actually innocent of the crime to which he pled guilty almost seventeen years ago. He claims that he pled guilty even though he was innocent because his attorney told him that a jury would not believe him and he would receive a sentence of thirty years if he went to trial. He also claims that his plea was invalid because he pled guilty as a principal but was charged in the indictment as an aider and abettor under 18 U.S.C. § 2. Finally, Wheelock claims that the government failed to present sufficient evidence to support his conviction.

Even if Wheelock's petition was a motion for post conviction relief under 28 U.S.C. § 2255 brought within a year of his conviction, it would be summarily denied. The fact that he asserts his

3

claims in a petition for a writ of coram nobis more than fifteen years too late weakens them further. Wheelock's allegation that his attorney told him that he could receive a sentence of thirty years if he went to trial, even if true, does not constitute ineffective assistance of counsel. Wheelock was facing a charge of aggravated sexual abuse of a child contrary to 18 U.S.C. § 2241(a)(1) at the time, as well as the sexual abuse charge for which he was sentenced. Had he gone to trial and been convicted of aggravated sexual abuse of a child, a sentence of thirty years could well have been imposed. Thirty years is the current mandatory minimum for that offence. 18 U.S.C. § 2241(c). Given the aggravated nature of the crime, a prediction that Wheelock would get thirty years if convicted at trial would not have been unreasonable.

In any event, the thorough plea colloquy conducted by Judge Curran belies any claim that Wheelock's plea was not voluntary. In addition to acknowledging that the government's description of his involvement in the offense was accurate, Wheelock stated under oath that no one had either threatened him or made any promises to him in order to get him to enter the plea agreement. In fact, he testified that the only reason he was entering a plea of guilty was because he was guilty of that offense. (Plea Hr'g Tr. 18: 11-20.) A defendant's responses during a plea colloquy are presumed truthful. *See Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000) ("Bridgeman's argument that his counsel's advice rendered his plea unwitting and involuntary is belied by his own statements at the change of plea hearing, which are presumed truthful."). In effect, Wheelock is claiming that he lied at the change of plea hearing when asked why he was pleading guilty. His claim is patently incredible:

> Rational conduct requires that voluntary responses made by a defendant under oath before an examining judge be binding. Such a requirement is consistent with reason and common sense. For a defendant to claim (as Ellison has) that he believed he

4

could lie and later recant to achieve some perceived advantage does not comport
with rational conduct.

*United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987).

Wheelock's remaining claims are likewise without merit. His argument that the factual basis is insufficient because he admitted conduct that made him a principal but was charged as an aider and abettor is frivolous. In essence, Wheelock's argument is that he was accused of only helping another commit the crime but, in fact, he admitted committing it himself. Therefore his plea was invalid and he is actually innocent.

Wheelock was charged under 18 U.S.C. § 2, which provides that one who aids and abets a crime is punishable as a principal. "This provision does not define a crime but merely makes punishable as a principal one who aids or abets another in the commission of a substantive offense." *United States v. Cowart*, 595 F.2d 1023, 1031, n10 (5th Cir. 1979). Adding a reference to 18 U.S.C. § 2 in the indictment is not required in order to convict on a theory of accomplice liability. *United States v. Tucker*, 552 F.2d 202, 204 (7th Cir. 1977). Doing so, however, is intended to provide notice to the defendant so as to avoid unfair surprise in the event the government's evidence comes up short of proving the defendant's direct commission of the offense. *Id.* Having admitted his involvement in the crime as a principal, Wheelock provided a factual basis for his conviction that was more than sufficient.

Wheelock's argument that the evidence was insufficient to prove his guilt is likewise frivolous. A guilty plea obviates the need for the government to prove its case; that's its purpose. By entering a plea of guilty, Wheelock waived his right to have the government present evidence sufficient to prove his guilt beyond a reasonable doubt. *See United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir.1989) ("Once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea

5

may be attacked"). Thus, the government had no obligation or need to introduce DNA evidence or the live testimony of those witnesses who were present at the scene of the crime.

Finally, the doctrine of laches also serves to bar relief under a writ of coram nobis. Wheelock entered a guilty plea and was sentenced more than sixteen years ago. Wheelock does not explain why he waited sixteen years to challenge his conviction, especially given his assertion that he is actually innocent. He could have sought relief sooner, in a direct appeal or on a motion for post conviction relief under 28 U.S.C. § 2255. Courts must consider the strong policy in favor of protecting the finality of judgments and should not "create an incentive for delay by persons challenging criminal convictions." *Correa-De Jesus*, 708 F.3d at 1286. Because Wheelock waited too long to challenge his conviction and he has not provided a sufficient reason to excuse his delay, his petition is also barred by laches. *See id.* (holding that a 14-year delay in challenging a 16-year-old conviction barred petition for coram nobis under laches). Accordingly, Wheelock's petition for a writ of error coram nobis is **summarily denied** and this action is **dismissed**.

Dated this 28th day of May, 2013.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

6

Case 1:13-cv-00588-WCG   Filed 05/28/13   Page 6 of 6   Document 3